## In re ATLAS.

### (District Court, N. D. Illinois. April 13, 1914.)

### No. 21447.

1. BANKRUPTCY ⬳414—DISCHARGE—DENIAL—BURDEN OF PROOF.

Creditors objecting to a bankrupt's discharge on the ground that he had concealed goods with intent to hinder, delay, and defraud his creditors are only required to prove the facts by a preponderance of the evidence and not beyond a reasonable doubt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. ⬳414.]

2. BANKRUPTCY ⬳414—DISCHARGE—GROUNDS—PROOF—CORPUS DELICTI.

Evidence that prior to the filing of the bankruptcy petition the bankrupt stated that his stock was worth $7,500 or $8,000, which was proven not to be so, was insufficient to establish that he had concealed goods with intent to hinder, delay, and defraud his creditors, as a ground for discharge, in the absence of further proof of the corpus delicti that he had assets which he had not turned over to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. ⬳414.]

In Bankruptcy. In the matter of bankruptcy proceedings of Rubin Atlas. On motion to approve a report of the referee recommending that the bankrupt's application for discharge be denied. Recommendation of referee disapproved, and discharge ordered.

This trouble comes up on a motion to approve the report of the referee recommending that the discharge of the bankrupt be denied. That report shows that two specifications were made in the formal objections to the discharge: First, that the bankrupt concealed goods with the intent to hinder, delay, and defraud his creditors. Second, that the bankrupt failed to keep any books of account. So far as the second specification is concerned, no evidence was introduced before the referee. The referee finds in his report that, about two weeks before the bankruptcy proceedings, the bankrupt had a conversation with one of his creditors and the creditor's attorney, and that the bankrupt then, in answer to a question, stated that he had goods of the value of $7,500 or $8,000. The bankrupt denied ever having made any such statement, but did testify that when the petition was filed he had a stock valued at $3,500 only. The referee found that the preponderance of the evidence was against the bankrupt, and denied the discharge.

---

Herman Frank, of Chicago, Ill., for petitioning creditors.
B. M. Shaffner, of Chicago, Ill., for bankrupt.

CARPENTER, District Judge (after stating the facts as above). In support of the discharge, it is urged that inasmuch as the first specification involves moral turpitude, and, if proved, would render the bankrupt liable to criminal prosecution, the facts should have been proved beyond a reasonable doubt.

[1] This is a civil case, and notwithstanding the evidence might not be sufficient to convict, if the bankrupt had been indicted and put upon trial for the criminal offense of concealing assets on the eve of bankruptcy, it may be sufficient to support the denial of the statutory discharge. A preponderance is enough. The facts need not be proved beyond a reasonable doubt. See United States v. Regan, 232 U. S. 37, 34 Sup. Ct. 213, 58 L. Ed. 494.

[2] The real question, involves the character of the evidence. It preponderates clearly that the bankrupt, some two weeks prior to the filing of the petition, stated that his stock of goods was worth $7,500 or $8,000. The only evidence in the record is as to whether or not that statement was made. The creditor and his attorney said that it was; the bankrupt denied it. Assuming that the evidence shows that such a statement was made, it does not follow that the statement, as made, was true. Something akin to the corpus delicti is lacking. The bankrupt, of course, will be denied his discharge for willfully concealing assets with intent to hinder, defraud, and delay his creditors; but there is no proof here that he had assets to conceal. The proof relates solely to statements which the bankrupt made prior to the filing of the petition in bankruptcy, which may or may not have been true. This, in my opinion, is not sufficient to bar the discharge.

The recommendation of the referee that the discharge be denied is not approved, and the discharge is ordered.